**BALTODANO & BALTODANO LLP**
Hernaldo J. Baltodano (SBN 222286)
Email: hjb@bbemploymentlaw.com
Erica Flores Baltodano (SBN 222331)
Email: efb@bbemploymentlaw.com
1411 Marsh Street, Suite 102
San Luis Obispo, California 93401
Tel: (805) 322-3412
Fax: (805) 322-3413

**BOREN, OSHER & LUFTMAN LLP**
Paul K. Haines (SBN 248226)
Email: phaines@bollaw.com
Fletcher W. Schmidt (SBN 286462)
222 N. Sepulveda Blvd., Suite 2222
El Segundo, California 90245
Email: fschmidt@bollaw.com
Tel: (323) 937-9900
Fax: (323) 937-9910

Attorneys for Plaintiff, the Classes,
and Aggrieved Employees

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANNDEN BOWER, as an individual, and on behalf of all others similarly situated,<br><br>                 Plaintiff,<br><br>   vs.<br><br>CYCLE GEAR, INC., a California Corporation; and DOES 1 through 10,<br><br>              Defendants. | CASE NO. 3:14-cv-02712-HSG<br>Honorable Haywood S. Gilliam, Jr.<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CONDITIONAL CERTIFICATION UNDER 29 U.S.C. § 216(b)**<br><br>Date:  April 16, 2015<br>Time: 2:00 p.m.<br>Courtroom: 15 |

## NOTICE OF MOTION AND MOTION

TO THE COURT, DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 16 , 2015, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom Number 15 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco California 90012, 18th Floor, San Francisco, California 94102, before the Haywood S. Gilliam, Jr., Plaintiff Lannden Bower ("Plaintiff") will, and hereby does, move this Court for an order conditionally certifying a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA").

Plaintiff seeks conditional certification of the following class pursuant to 29 U.S.C. § 216(b) of the FLSA:

All current and former non-exempt hourly employees of Cycle Gear, Inc., throughout the United States who received checks after June 11, 2014, for unpaid overtime wages due to Defendant's failure to include incentive pay in the regular rate of pay for overtime purposes, from October 12, 2011 to the present.

Plaintiff moves this Court to enter an Order:

1.  Requiring that judicial notice be sent to all putative FLSA Collective Class Members;

2.  Approving the form and content of Plaintiff's proposed judicial notice and consent form;

3.  Authorizing a ninety-day notice period for the putative FLSA Collective plaintiffs to join the case; and

4.  Ordering Cycle Gear, Inc. to produce to Plaintiff's counsel the contact information for each FLSA Collective Class Member;

The Motion is based on the accompanying Memorandum of Points and Authorities, the declarations of Hernaldo J. Baltodano, Paul K. Haines, Fletcher

W. Schmidt, Lannden Bower, and exhibits filed herewith, all matters of which the Court may take judicial notice, and such other and further oral and/or documentary evidence as may be presented at the hearing on this matter.

Dated:  March 12, 2015          BALTODANO & BALTODANO LLP


                                By: __/s/ Hernaldo J. Baltodano_____
                                    Hernaldo J. Baltodano
                                    Attorneys for Plaintiff, the proposed
                                    Classes and Aggrieved Employees

NOTICE OF MOTION AND MOTION FOR CONDITIONAL CERTIFICATION

# **TABLE OF CONTENTS**

I. INTRODUCTION AND SUMMARY OF ARGUMENT...................................1

II. STATEMENT OF FACTS...................................................................3

    A. Cycle Gear Has Systematically Underpaid Overtime Wages By

        Miscalculating The Regular Rate Of Pay.................................3

III. LEGAL ARGUMENT6

    A. The FLSA Authorizes Representative Actions on Behalf of "Similarly

        Situated" Plaintiffs.............................................................7

    B. The FLSA Overtime Class Should be Conditionally Certified ................9

    C. The Court Should Order Notice to Putative Opt-in Plaintiffs ................14

IV. CONCLUSION...................................................................14

NOTICE OF MOTION AND MOTION FOR CONDITIONAL CERTIFICATION

1

## <u>TABLE OF AUTHORITIES</u>

2

**<u>Federal Cases</u>**

3  *Adams v. Inter–Con Sec. Sys., Inc.*

4      242 F.R.D. 536 (N.D.Cal.2007) .............................................................9, 13

5  *Adoma v. Univ. of Phoenix, Inc.*

6      270 F.R.D. 543, 552 (E.D. Cal. 2010) ........................................................11

7  *Alvarez v. IBP, Inc.*

8      339 F.3d 894, 910 (9th Cir. 2003) ..............................................................12

9  *Chao v. A–One Medical Services, Inc.*

10      346 F.3d 908, 920 (9th Cir. 2003) ............................................................2, 5

11  *Christopher v. SmithKline Beecham Corp.*

12      635 F.3d 383, 389 (9th Cir. 2011) .................................................................6

13  *Genesis Healthcare Corp. v. Symczyk*

14      133 S. Ct. 1523, 1530 (2013).........................................................................8

15  *Herman v. RSR Sec. Services Ltd.*

16      172 F.3d 132, 142 (2d Cir.1999) ................................................................11

17  *Hoffman-La Roche, Inc. v. Sperling*

18      493 U.S. 165, 169 (1989) ........................................................................7, 14

19  *Idaho Sheet Metal Works, Inc. v. Wirtz*

20      383 U.S. 190, 209 (1966) ...............................................................................4

21  *Leuthold v. Destination Am.*

22      224 F.R.D. 462, 466 (N.D. Cal 2004) ........................................6, 7, 8, 9, 10

23  *Leyva v. Medline Industries, Inc.*

24      716 F. 3d 510, 514 (9th Cir. 2013) ..............................................................10

25  *Local 246 Util. Workers Union v. S. Cal. Edison Co.*

26      83 F.3d 292, 297 (9th Cir.1996) .......................................................5, 11, 12

27

28

NOTICE OF MOTION AND MOTION FOR CONDITIONAL CERTIFICATION

*McElmurry v. U.S. Bank Nat'l Ass'n*

    495 F.3D 1136, 1139 (9th Cir. 2007) ...................................................7

*O'Brien v. Town of Agawam*

    350 F.3d 279, 294 (1st Cir. 2003) ......................................................6

*Overnight Motor Transp. Co. v. Missel*

    316 U.S. 572, 583–84, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942) ..............2, 5, 11

*Reich v. Southern New England Telecomm'n Corp.*

    121 F.3d 58, 71 (2d Cir. 1997) .........................................................12

*Thiessen v. General Electric Capital Corp.*

    267 F.3d 1095, 1102 (10th Cir. 2001) .................................................8

*Walling v. Youngerman-Reynolds Hardwood Co.*

    325 U.S. 419, 424 (1945) ................................................................6


**State Cases**

*Faulkinbury v. Boyd & Associates, Inc.*

    216 Cal.App.4th 220, 240 (2013) ......................................................11


**Federal Statutes and Rules**

29 C.F.R. § 778.208 .............................................................................9

29 C.F.R. § 778.211(c)......................................................................2, 4, 9

29 U.S.C. § 207(e) ..........................................................................2, 4, 9

29 U.S.C. § 216(b) (1999) ..............................................................2, 5, 7, 11

29 U.S.C. § 207(a) ................................................................................2

29 U.S.C. § 207(e) ................................................................................2

U.S. Department of Labor Opinion Letter dated November 5, 1999

    1999 WL 33210906 .......................................................................4, 9

NOTICE OF MOTION AND MOTION FOR CONDITIONAL CERTIFICATION

**Unpublished Cases**

*Alonzo v. Maximus, Inc.*

 Case No. 2:08-CV-06755-JST (MANx)

 2011 WL 2437444 at *13 (C.D. Cal. June 17, 2011)...................................10

*Benedict v, Hewlett Packard Co.*

 Case No. C13-0119-LHK, 2014 WL 587135, at *5

 (N.D. Cal. Feb. 13, 2014) ........................................................................8, 9

*Daniels v. Aeropostale W., Inc.*

 Case No. C 12-05755 WHA, 2013 WL 1758891 at *2

 (N.D. Cal. Apr. 24, 2013) ...........................................................................8

*Ferrell v. ConocoPhillips Pipe Line Co.*

 Case No. 5:09-cv-00431-RRP-OP,  2010 WL 1946896 at *2

 (C.D. Cal. May 12, 2010) ............................................................................6

*Gerlach v. Wells Fargo & Co.*

 Case No. C 05–0585 CW, 2006 WL 824652 at *2

 (N.D. Cal. Mar. 28 2006).................................................................1, 8, 10

*Labrie v. UPS Supply Chain Solutions, Inc.*

 Case No. C083182 PJH, 2009 WL 723559 at *4

 (N.D. Cal. Mar. 18, 2009)............................................................................9

*Lillehagen v. Alorica, Inc.*

 Case No. SAVC 13-0092-DOC, 2014 WL 2009031, at *3

 (C.D. Cal. May 15, 2014) .........................................................................7, 8

*Provine v. Office Depot, Inc.*

 Case No. C 11-00903 SI, 2012 WL 2711085 at *3

 (N.D. Cal. July 6, 2012).....................................................................4, 9, 11

NOTICE OF MOTION AND MOTION FOR CONDITIONAL CERTIFICATION

*Ribot v. Farmers Ins. Group*

    Case No. CV11-02404 DDP (FMOx), 2013 WL 3778784 at *17

    (C.D. Cal. July 17, 2013)........................................................................12, 13

*Richie v. Blue Shield of Cal.*

    Case No. C-13-2693 EMC, 2014 WL 6982943 at *6-7

    (N.D.Cal. Dec. 9, 2014)............................................................................7, 8

*Russell v. Wells Fargo Co.*

    Case No. C07-3993 CW, 2008 WL 4104212 at *5

    (N.D. Cal. Sept. 3, 2008)........................................................................10, 12

NOTICE OF MOTION AND MOTION FOR CONDITIONAL CERTIFICATION

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION AND SUMMARY OF ARGUMENT.**

This putative class and collective action lawsuit seeks substantial unpaid overtime wages, meal and rest premium wages, and related penalties due to Defendant Cycle Gear, Inc.'s state and federal wage and hour violations.   Touting itself as the largest and fastest growing retailer of motorcycle parts and apparel in the United States, Cycle Gear employs more than 1,400 sales associates in more than 110 retail stores across numerous states.

The sole issue in this Motion is whether the Court should conditionally certify the federal overtime claim under the Fair Labor Standards Act ("FLSA") based on Cycle Gear's failure to properly calculate the regular rate of pay, which in turn, has caused Cycle gear to underpay overtime wages to its non-exempt employees throughout the United States.  Cycle's Gear's miscalculation of the regular rate pay has resulted from its failure to include the value of non-discretionary incentive pay, such as spiffs and commissions, in the regular rate.

At this initial notice stage, the Court need only determine whether a collective action should be conditionally certified for the sole purpose of sending notice of this action to potential collective action members.  Because courts apply a "fairly lenient standard" that usually results in conditional certification, "little more than substantial allegations, supported by declarations or discovery," is required to show that "the putative class member were together victims of a single decision, policy, or plan." *See, e.g., Gerlach v. Wells Fargo & Co.,* Case No. C 05–0585 CW, 2006 WL 824652 at *2 (N.D. Cal. Mar. 28 2006).  This standard is easily met here.

To incentivize its non-exempt sales force, Cycle Gear provides incentive pay, such as comissions, spiffs, and non-discretionary bonuses (collectively commissions, spiffs and non-discretionary bonuses are referred to herein as "incentive pay").   The incentive pay that Cycle Gear pays to its non-exempt employees is non-discretionary because it is earned based on quantifiable

1

NOTICE OF MOTION AND MOTION FOR CONDITIONAL CERTIFICATION

performance and meeting pre-determined sales metrics.  Because the incentive pay is non-discretionary, it must be included in non-exempt employees' respective regular rates of pay. *See* 29 U.S.C. § 207(e); 29 C.F.R. 778.211(c) ("The bonus, to be excluded under section 7(e)(3)(a), must not be paid 'pursuant to any prior contract, agreement, or promise.'").   Although Cycle Gear was required to include the value of this incentive pay in the regular rate of pay, it did not, in clear violation of the FLSA. *See* 29 U.S.C. §§ 207(a), (e).  Significantly, Cycle Gear has effectively admitted that it failed to comply with the FLSA by mailing checks in August 2014 to over 1,400 hourly non-exempt employees throughout the United States for unpaid overtime wages, totally approximately $115,000. *See* DE No. 18 at 3:19-5:1.   While Cycle Gear will argue that it paid all overtime monies owed to the putative FLSA class in August 2014, Cycle Gear did not pay liquidated damages, which are recoverable under the FLSA in connection with the underpayment of overtime wages. 29 U.S.C. § 216(b) (1999).  Both the United States Supreme Court and the Ninth Circuit have held that "Liquidated damages are not a penalty, but are compensation to the employee." *See*, *e.g.*, *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 583-584 (1942); *Chao v. A–One Medical Services, Inc.*, 346 F.3d 908, 920 (9th Cir. 2003).

Given Cycle Gear's categorical failure to properly calculate the regular rate and failure to pay liquidated damages in August 2014 as part of its retroactive payment, conditional certification is warranted because Plaintiff and the putative FLSA class were together victims of a single decision, policy, or plan, such that they are similarly situated.   Plaintiff therefore requests that the Court conditionally certify the proposed FLSA class and order that notice be provided so that other employees can opt-in.

///

///

///

II.   **STATEMENT OF FACTS.**

A.   **Cycle Gear Has Systematically Underpaid Overtime Wages By Miscalculating The Regular Rate Of Pay.**

Founded in 1974, Defendant Cycle Gear, Inc. is the largest and fastest growing retailer of motorcycle parts and apparel in the United States with approximately 30 stores in California and approximately 80 retail stores in other states.   Plaintiff worked as an hourly non-exempt employee for Cycle Gear from approximately February 2013 until May 20, 2014, and like other hourly non-exempt employees, earned bonuses, commissions, and spiffs which were not included in his regular rate of pay for overtime purposes. *See* Complaint at ¶¶11-13; Declaration of Lannden Bower ("Bower Decl.") at ¶3.

Plaintiff's overtime claim under the FLSA is premised on Cycle Gear's failure to pay all overtime wages to hourly non-exempt employees due to miscalculating the regular rate of pay.   Specifically, Plaintiff asserts that Cycle Gear "regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay by failing to properly include the various forms of Incentive Pay paid to Plaintiff and members of the FLSA Overtime Class, which are not statutory exclusions when calculating an employee's regular rate of pay." *See* Complaint at ¶34.   Consequently, "Plaintiff and members of the FLSA Overtime Class were only paid overtime at one and a half times their base rate, which was not equal to one and a half times the regular rate, as Defendants failed to include the various forms of Incentive Pay earned during corresponding periods that were required to be included in the regular rate, but were not.   Accordingly, Plaintiff and members of the FLSA Overtime Class were not compensated at the appropriate rates of overtime pay for all hours worked." *See id.*

Under the FLSA, employees must be paid overtime at one and a half time their regular rate of pay for all work in excess of 40 hours in any one workweek. 29 U.S.C. §§ 207(a).   The regular rate must include all compensation for

NOTICE OF MOTION AND MOTION FOR CONDITIONAL CERTIFICATION

employment paid to, or on behalf of, the employee subject to certain exceptions. *See* 29 U.S.C. § 207(e).   The exceptions are narrowly construed, and the burden is on the employer to establish that its bonus payments or incentive payments fall within one of the exceptions in Section 207(e). *See Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 209 (1966) (under the FLSA, "the burden of proof respecting exemptions is upon the company"); 29 C.F.R. 778.211(c) ("The bonus, to be excluded under section 7(e)(3)(a), must not be paid 'pursuant to any prior contract, agreement, or promise.'");  U.S. Department of Labor Opinion Letter dated November 5, 1999, 1999 WL 33210906 ("where an employer promises, agrees or arranges to pay a bonus, the bonus must be included in regular rate."); *Provine v. Office Depot, Inc.*, Case No. C 11-00903 SI, 2012 WL 2711085 at *3 (N.D. Cal. July 6, 2012) ("Court finds that because it is undisputed that Bravo Awards are always $50 dollars, they are not discretionary.").

Here, Cycle Gear has already conceded that it failed to properly calculate the regular rate of pay for overtime purposes because it failed to include commissions, spiffs, and other non-discretionary bonuses in the regular rate of pay for its non-exempt employees. *See* DE No. 18 at 3:19-5:1.   In the parties' Joint Case Management Statement filed on September 2, 2014, Cycle Gear informed the Court that it mailed checks to over 1,400 hourly non-exempt employees across the United States totaling approximately $115,000 "to remedy the miscalculation of overtime." *Id.* at 8:9-18.   Cycle Gear made these payments for unpaid overtime wages on or about August 28, 2014, and in doing so, informed putative collective action members of the following:

> Cycle Gear recently discovered a discrepancy in the effect commissions, spiffs, and bonuses have on overtime pay.   As a result, we initiated a complete audit of our historical payroll records for the past four years to confirm that Team Members were paid all sums earned during this period.

> Cycle Gear values its relationships with its Team Members and wants to take steps to ensure that, among other things, our people are properly paid for the work they perform. During the extensive wage audit it was disclosed that there was a miscalculation in the amounts you earned during your employment and that you were underpaid.  Accordingly, we have enclosed a payroll check in the sum of $10.09,[1] which includes the retroactive pay and interest at the legal rate.

*See* Bower Decl., ¶4 and Exh. B attached thereto.

In light of the foregoing, Cycle Gear cannot dispute that it failed to comply with the FLSA by not including the value of non-discretionary incentive pay, such as commissions, spiffs, and bonuses, in the regular rate of pay.  While Cycle Gear may argue that the FLSA overtime claim is purportedly moot because of the August 28, 2014 payments, those payments do not moot Plaintiff's overtime claim under the FLSA because Cycle Gear is still liable for liquidated damages. *Chao v. A–One Medical Services, Inc.*, 346 F.3d 908, 920 (9th Cir. 2003)( "Liquidated damages are not a penalty, but are compensation to the employee."); *see also* 29 U.S.C. § 216(b) (1999) (employers "shall be liable to the ... employees affected in the amount of ... overtime compensation, as the case may be, and in an additional equal amount as liquidated damages").  "[L]iquidated damages represent compensation, and not a penalty.  Double damages are the norm, single damages the exception." *Local 246 Util. Workers Union v. S. Cal. Edison Co.,* 83 F.3d 292, 297 (9th Cir.1996); *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 583–84, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942) (observing that FLSA liquidated damages are not penalties exacted by law, but, rather, compensation to the employee occasioned by the delay in receiving wages due).

///

---

[1] The monetary amount paid to putative collective action members differed, based on the amount of incentive pay earned and overtime worked by them during the relevant time period.

5

NOTICE OF MOTION AND MOTION FOR CONDITIONAL CERTIFICATION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.   **LEGAL ARGUMENT.**

In 1938, Congress enacted the FLSA to eliminate "labor conditions detrimental to the minimum standard of living necessary for health, efficiency, and general well-bring being of workers." *See Christopher v. SmithKline Beecham Corp.*, 635 F.3d 383, 389 (9th Cir. 2011).   As noted above, the FLSA requires that all non-discretionary incentive pay, such as such as bonuses, commissions, and spiffs, are included in the regular rate of pay for overtime purposes. *See Ferrell v. ConocoPhillips Pipe Line Co.*, Case No. 5:09-cv-00431-RRP-OP,  2010 WL 1946896 at *2 (C.D. Cal. May 12, 2010) ("[t]o compute [the regular rate], one divides 'all remuneration for employment paid to, or on behalf of, the employee' by the number of non-overtime hours worked."); *O'Brien v. Town of Agawam*, 350 F.3d 279, 294 (1st Cir. 2003) ("the regular rate shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee," except for certain exceptions that "are to be interpreted narrowly against the employer"); *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945) (holding that regular rate "is not an arbitrary label chosen by the parties").

In violation of the FLSA, Cycle Gear failed to pay all required overtime wages by failing to include incentive pay in the regular rate of pay for overtime purposes.   By filing this Motion, Plaintiff refers this Court to the factual allegations set forth in his Complaint, the pleadings on file with the Court, as well as the affidavits and exhibits attached hereto.  This record establishes the propriety of sending notice to the putative opt-in plaintiffs. *See, e.g., Leuthold v. Destination Am.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004) (noting that the decision to authorize notice to other potential plaintiffs in the early stages of an action under the FLSA is generally based on the pleadings).[2]

---

[2] Plaintiff also pleads Rule 23 class action allegations on behalf of a class of California hourly non-exempt employees and alleges state labor code violations.

A. **The FLSA Authorizes Representative Actions on Behalf of "Similarly Situated" Plaintiffs**

The FLSA provides that "[a]n action to recover may be maintained against any employer in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of himself, of themselves and other employees similarly situated," 29 U.S.C. §216(b).   Such an action is known as a "collective action," and is different than a class action under Rule 23.   In contrast to a class action, where class members are bound by the judgment unless they opt out of a certified class, "in a collective action each plaintiff must opt into the suit by 'giv[ing] his consent in writing.'  As a result, unlike a class action, only those plaintiffs who expressly join the collective action are bound by its results." *McElmurry v. U.S. Bank Nat'l Ass'n*, 495 F.3D 1136, 1139 (9th Cir. 2007) (modification in original) (citation omitted) (quoting 29 U.S.C. § 216(b)). District courts have broad discretion to allow a party asserting FLSA claims on behalf of others to notify potential plaintiffs that they may choose to "opt-in" to the suit via conditional certification. *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

"Although the Supreme Court and Ninth Circuit have yet to articulate the proper test for certification of an FLSA action, district courts in this Circuit apply a two-step inquiry."  *Lillehagen v. Alorica, Inc.*, Case No. SAVC 13-0092-DOC, 2014 WL 2009031, at *3 (C.D. Cal. May 15, 2014); *Leuthold*, *supra*, 224 F.R.D. at 466-67; *accord Richie v. Blue Shield of Cal.*, Case No. C-13-2693 EMC, 2014 WL 6982943 at *6-7 (N.D.Cal. Dec. 9, 2014).   Under the first step, the Court is to make an initial "notice-stage" determination of whether potential opt-in plaintiffs are "similarly situated" to the representative plaintiffs. *See Lillehagen*, *supra*, 2014 WL 2009031 at *3.

---

Plaintiff does not seek a Rule 23 class certification determination at this time. Plaintiff will move for Rule 23 class certification in compliance with the Court's scheduling order. *See* Dkt No. 21.

NOTICE OF MOTION AND MOTION FOR CONDITIONAL CERTIFICATION

The purpose of this initial step is to determine whether a collective action should be certified for the sole purpose of sending notice of the action to potential class members. *See Lillehagen*, *supra*, 2014 WL 2009031 at *3; *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013) ("The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." (internal citations omitted). Courts apply a "fairly lenient standard" for certification at this stage, which typically results in certification. *Daniels v. Aeropostale W., Inc.*, Case No. C 12-05755 WHA, 2013 WL 1758891 at *2 (N.D. Cal. Apr. 24, 2013)   Moreover, "[a]t this stage of the analysis, courts usually rely only on the pleadings and any affidavits that have been submitted." *Leuthold*, *supra*, 224 F.R.D. at 468.

Specifically, conditional certification at this notice stage requires "little more than substantial allegations, supported by declarations or discovery," that "the putative class member were together victims of a single decision, policy, or plan." *Gerlach v. Wells Fargo & Co.,* Case No. C 05–0585 CW, 2006 WL 824652 at *2 (N.D. Cal. Mar. 28 2006) (quoting *Thiessen v. General Electric Capital Corp.,* 267 F.3d 1095, 1102 (10th Cir. 2001)).   "Plaintiff need not show that [her] position is or was identical to the putative class members' positions; a class may be certified under the FLSA if the named plaintiff can show that [her] position was or is similar to those of the absent class members." *Lillehagen*, 2014 WL 2009031, at *3.   Plaintiff need not conclusively establish that collective action is proper, as Cycle Gear "will be free to revisit this issue at the close of discovery." *Id.*; *Richie,* 2014 WL 6982943 at *6 ("At this preliminary notice stage, 'courts require little more than substantial allegations, supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy, or plan.'" (quoting *Benedict v, Hewlett Packard Co.,* Case No. C13-0119-LHK, 2014 WL 587135, at *5 (N.D. Cal. Feb. 13, 2014)).

NOTICE OF MOTION AND MOTION FOR CONDITIONAL CERTIFICATION

At the second step "the party opposing the certification may move to decertify the class once discovery is complete." *Benedict*, 2014 WL 587135, at *6 (quoting Adams, 242 F.R.D. at 536).   Consequently, this step occurs only after the conditional class has received notice and discovery has been completed, *see Leuthold*, F.R.D. at 467, at which point the Court "engages in a more stringent inquiry into the propriety and scope of the collective action" because "discovery is complete and the case is ready to be tried." *Labrie v. UPS Supply Chain Solutions, Inc.*, Case No. C083182 PJH, 2009 WL 723559 at *4 (N.D. Cal. Mar. 18, 2009).

Pursuant to 29 U.S.C. § 216(b), Plaintiff respectfully requests that this Court: (1) conditionally certify the FLSA Overtime Class for purposes of notice and discovery; (2) order that judicial notice be sent to all putative collective action members; (3) approve the form and content of Plaintiff's proposed judicial notice, consent form and reminder notice; (4) authorize a ninety day notice period for the putative plaintiffs to join the case; and (5) order Defendant Cycle Gear, Inc., to produce to Plaintiff's counsel the contact information for each Collective Class Member.

B. **The FLSA Overtime Class Should be Conditionally Certified.**

Plaintiff asserts that he, like the other hourly non-exempt employees, received various forms of non-discretionary incentive pay that was not included in Cycle Gear's calculation of the regular rate of pay: (1) commissions; (2) spiffs; and (3) non-discretionary bonuses. *See* Complaint at §12; DE No. 18 at 3:26-4:1. These forms of compensation must be included in the regular rate for overtime purposes. *See* Section II, *supra*; 29 C.F.R. 778.208, 778.211(c); U.S. DOL O.L. dated Nov. 5, 1999, 1999 WL 33210906; 29 U.S.C. § 207(e)*;* 29 C.F.R. §778.211(c); *Provine*, *supra*, 2012 WL 2711085 at *3.   Because Cycle Gear failed to include the value of this incentive pay in the regular rate of pay for overtime purposes, it systematically underpaid overtime wages to its hourly non-exempt employees in the United States.

NOTICE OF MOTION AND MOTION FOR CONDITIONAL CERTIFICATION

"Under the two-tiered approach, the court must first decide, based primarily on the pleadings and any affidavits submitted by the parties, whether the potential class should be given notice of the action.  Because the court generally has a limited amount of evidence before it, the initial determination is usually made under a fairly lenient standard and typically results in conditional class certification." *Leuthold*, supra, 224 F.R.D. at 467 (internal citations omitted). Here, the pleadings and affidavits establish that Cycle Gear (1) underpaid overtime wages by failing to include commissions, spiffs, and non-discretionary bonuses in the regular rate of pay, in violation of the FLSA; and (2) failed to pay double damages to hourly non-exempt employees in August 2014 when it purportedly paid $115,000 to over 1,400 putative FLSA class members for underpaid overtime wages, in violation of the FLSA.  Collectively, these factual and legal issues bind together the overtime claim of the FLSA class. *See Russell v. Wells Fargo Co.,* Case No. C07-3993 CW, 2008 WL 4104212 at *5 (N.D. Cal. Sept. 3, 2008) ("All that need be shown by the plaintiff is that some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA.").

Surely, Plaintiff and the putative FLSA class "were together victims of a single decision, policy, or plan," such that they are "similarly situated" due to Cycle Gear's across-the-board miscalculation of the regular rate of pay and failure to pay double damages in August 2014. *See Gerlach, supra,* 2006 WL 824652 at *2.  Indeed, courts routinely certify overtime claims based on a defendant employer's alleged miscalculation of the regular rate of pay under the more stringent Rule 23 certification standard. *See, e.g., Leyva v. Medline Industries, Inc.*, 716 F. 3d 510, 514 (9th Cir. 2013) (holding that district court abused its discretion in failing to certify a class action where class claim was predicated on a miscalculation of the regular rate of pay due to payment of non-discretionary bonuses); *Alonzo v. Maximus, Inc.*, Case No. 2:08-CV-06755-JST (MANx), 2011

10

WL 2437444 at *13 (C.D. Cal. June 17, 2011) (overtime pay claim based on the alleged miscalculation of the regular rate of pay certified under Rule 23(b)(3)); *Provine*, *supra*, 2012 WL 2711085 at *12 ("all of these factors lead the Court to conclude that a class action is superior to any other method of adjudication in this case. All of the prospective class claims revolve around a question of law common to all prospective class members – whether defendant should have included Bravo Awards in class members' regular rate of pay when computing overtime pay"); *Adoma v. Univ. of Phoenix, Inc.*, 270 F.R.D. 543, 552 (E.D. Cal. 2010) (certifying overtime claim based on alleged miscalculation of the regular rate of pay). *Faulkinbury v. Boyd & Associates, Inc.,* 216 Cal.App.4th 220, 240 (2013) (certifying regular rate miscalculation claim because "[t]he legality of Boyd's policy of excluding the bonus from calculating overtime wages can be determined on a class-wide basis").

Cycle Gear's argument that it retroactively paid underpaid overtime wages to putative FLSA collective action members in August 2014 is no obstacle to conditional certification because it failed to pay any liquidated damages under the FLSA. For violations of the FLSA's overtime wage provisions, employers "shall be liable to the ... employees affected in the amount of ... overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (1999); *see Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 583–84, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942) (observing that FLSA liquidated damages are not penalties exacted by law, but, rather, compensation to the employee occasioned by the delay in receiving wages due). "[L]iquidated damages represent compensation, and not a penalty. Double damages are the norm, single damages the exception." *Local 246 Util. Workers Union, supra*, 83 at 297; *see also Herman v. RSR Sec. Services Ltd.,* 172 F.3d 132, 142 (2d Cir.1999) ("Liquidated damages are not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

To avoid liquidated damages under 29 U.S.C. § 260, a FLSA-liable employer like Cycle Gear bears the burden of proving that it acted in subjective good faith and had objectively reasonable grounds for believing that the acts or omissions giving rise to the failure to properly calculate the regular rate of pay did not violate the FLSA.  To meet this burden, Cycle Gear must establish that it had "an honest intention to ascertain and follow the dictates of the FLSA, and that it had reasonable grounds for believing that its conduct complied with the FLSA." *Local 246 Util. Workers Union, supra,* 83 at 298.  This is a "difficult" burden, "with double [i.e., liquidated] damages being the norm and single damages the exception." *See Alvarez v. IBP, Inc.,* 339 F.3d 894, 910 (9th Cir. 2003).   Where the employer "fails to carry that burden," the Ninth Circuit has concluded that "liquidated damages are mandatory." *Id.*

Here, it is undisputed that Cycle Gear did not pay liquidated damages to the more than 1,400 FLSA collective action members who were underpaid overtime wages. DE No. 18 at 8:9-18; Bower Decl., ¶4 and Exh. B attached thereto. Whether or not Cycle Gear acted in subjective good faith and based on objectively reasonable grounds is imminently suited for collective action treatment because Cycle Gear acted uniformly with respect to all 1,400 FLSA collective action members. *See Russell, supra,* 2008 WL 4104212 at *5; *Reich v. Southern New England Telecomm'n Corp.,* 121 F.3d 58, 71 (2d Cir. 1997) ("'Good faith' in this context requires more than ignorance of the prevailing law or uncertainty about its development.   It requires that an employer first take active steps to ascertain the dictates of the FLSA and then move to comply with them.").

Finally, although the statute of limitations for putative collective action members is not tolled until they affirmatively opt-in, Plaintiff requests that the Court toll the statute as of October 12, 2014, the date when Cycle Gear should have first produced contact information for the FLSA class in response to Plaintiff's discovery requests.  *See Ribot v. Farmers Ins. Group*, Case No. CV11-02404 DDP (FMOx), 2013 WL 3778784 at *17 (C.D. Cal. July 17, 2013) (tolling

12

NOTICE OF MOTION AND MOTION FOR CONDITIONAL CERTIFICATION

statute of limitations under the FLSA).   In *Ribot*, the district equitably tolled the claims of FLSA class members to the date when defendant failed to produce a class list.   According to the *Ribot* court, "Other courts have found it appropriate to grant equitable tolling when a class list is not produced upon request.   In such cases, '[a]pplying equitable tolling . . . counters the advantage defendants would otherwise gain by withholding potential plaintiffs' contact information until the last possible moment." 2013 WL 3778784 at *17.   The court further stated, "Faultless potential plaintiffs should not be deprived of their legal rights on the basis of a defendant's delay, calculated or otherwise.'   This court agrees. Although the statute does not require production of the class list prior to conditional certification, without equitable tolling defendants have the incentive to delay proceedings and to run the clock as long as possible.   It is therefore more equitable to toll the statute of limitations to 30 days after the first request for the production of the class list, the time when Plaintiffs could reasonably have expected to receive the list." *Id*.; *see also Adam*s, *supra*, 252 F.R.D. at 543 (equitably tolling claims of FLSA class from the date that defendant should have produced contact information).

Here, Plaintiff requested contact information for the putative FLSA class on September 10, 2014.   Baltodano Decl., ¶12, Exh. A.   Thus, Cycle Gear should have produced this information on October 12, 2014.   Rather than object to this discovery request, or request an extension of time to respond, Cycle Gear failed to provide any response whatsoever. Baltodano Decl., ¶12.   Plaintiff is currently meeting and conferring with counsel for Cycle Gear before filing a motion to compel this list of putative collective action members, in addition to the remainder of discovery responses to which Cycle Gear failed to assert any objections or responses.   Baltodano Decl., ¶13; Exh. B.   Because Cycle Gear failed to provide this information on October 12, 2014, and did not even serve objections to preserve any argument it may have in support of non-production, Plaintiff requests

NOTICE OF MOTION AND MOTION FOR CONDITIONAL CERTIFICATION

1  that the Court toll the statute of limitations for putative FLSA class members as of

2  October 12, 2014.

3      C.  **The Court Should Order Notice to Putative Opt-in Plaintiffs.**

4      The requirement that employees affirmatively consent to join a collective

5  action under the FLSA makes the benefits of the statute's protections dependent

6  upon "employees receiving accurate and timely notice concerning the pendency of

7  the collective action, so that they can make informed decisions about whether to

8  participate." *Hoffman-LaRoche*, *supra*, 493 U.S. at 170.  Consistent with the

9  Supreme Court's directives in *Hoffman-LaRoche*, Plaintiff seeks this Court's

10  approval to send notice to the prospective FLSA opt-in plaintiffs.   Plaintiff  has

11  prepared the attached proposed form of Notice to the putative collective action

12  members, which provides accurate information regarding Plaintiff's claims and

13  putative collective action members' rights to opt in pursuant to 29 U.S.C. §216(b).

14  Baltodano Decl., ¶14, Exh. C. The proposed Notice is clear with respect to the

15  Court's approval and facilitation only of the notice of the claims, emphasizing that

16  the Court takes no position on Plaintiff's claims or Cycle Gear's defenses.   Nor

17  does the Notice purport to suggest that the Court is encouraging or advocating in

18  favor of class members' joinder as plaintiffs in the action.

19      **IV.   CONCLUSION**

20      For these reasons, Plaintiff respectfully requests that the Court issue an

21  order conditionally certifying the Collective FLSA Overtime Class and tolling the

22  statute of limitations for putative FLSA class members as of October 12, 2014.

23  Dated:  March 12, 2015            BALTODANO & BALTODANO LLP

24                    ___/s/ Hernaldo J. Baltodano_____
25                    Hernaldo J. Baltodano
26                    Attorneys for Plaintiff, the proposed
27                    Classes and Aggrieved Employees

NOTICE OF MOTION AND MOTION FOR CONDITIONAL CERTIFICATION