**DAVENPORT GERSTNER & McCLURE**
JEFFREY G. McCLURE #152974
2540 Camino Diablo, Suite 200
Walnut Creek, California 94597
Telephone: (925) 279-3430 Fax: (925) 932-1961
jeff@laborcounsel.com

**MCGUIREWOODS LLP**
Christopher M. Michalik (Admitted *Pro Hac Vice*)
Tyler S. Laughinghouse (Admitted *Pro Hac Vice*)
One James Center
901 East Cary Street
Richmond, VA 23219
804.775.4343 (Direct Line)
804.225.5411 (Direct FAX)
cmichalik@mcguirewoods.com
tlaughinghouse@mcguirewoods.com

Gerald Stubenhofer, Jr. (Admitted *Pro Hac Vice*)
625 Liberty Avenue
Ste 2300
Pittsburgh, PA 15222
412.667.7913 (Direct Line)
412.667.7980 (Direct FAX)
GStubenhofer@mcguirewoods.com

Attorneys for Defendant
**CYCLE GEAR, INC.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANNDEN BOWER, as an individual and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CYCLE GEAR, INC., a California Corporation,<br><br>Defendants. | CASE NO. 3:14-cv-02712-HSG<br><br>**DEFENDANT'S OPPOSITION TO CONDITIONAL CERTIFICATION** |

Defendant Cycle Gear, Inc. ("Cycle Gear"), by and through its counsel of record, files this Memorandum of Law in Opposition to Plaintiff's Motion for Conditional Certification, and states as follow:

## I. INTRODUCTION

Plaintiff moves for conditional certification of a class of certain current and former non-exempt Cycle Gear employees based on Cycle Gear's inadvertent failure to include certain bonuses, commissions, and spiffs in those employees' regular rate when calculating overtime. As Plaintiff notes in his supporting memorandum of law, Cycle Gear does not contest the error. Instead, upon learning of the error, Cycle Gear conducted an extensive audit, calculated and provided back pay to employees affected by the error during the four years preceding this lawsuit (even though the applicable statute of limitations is three years at most), and corrected its overtime calculations going forward. From the start of this litigation, Cycle Gear has been open with both the Court and Plaintiff concerning the inadvertent error and its efforts to correct it. If Plaintiff had conferred with Cycle Gear before filing his motion, Cycle Gear would have agreed not to oppose conditional certification of an appropriate class.

The class sought by Plaintiff, however, is not appropriate. First, it is well-settled that, absent unusual circumstances not present here, the statute of limitations period for a putative Fair Labor Standards Act ("FLSA") plaintiff continues to run until he or she affirmatively opts into the lawsuit. No legitimate basis to toll the limitations period exists. Almost from the start of the litigation, Cycle Gear has acknowledged its inadvertent error to both the Court and Plaintiff. Indeed, Plaintiff readily cites from the parties' Joint Case Management Statement. Plaintiff did not need anything more to move for conditional certification. Regardless, Cycle Gear produced approximately 18,000 pages of documents to Plaintiff in October 2014 that contained the putative class members' contact information, their pay and hours worked information, and Cycle Gear's back pay calculations. Whatever the reason Plaintiff delayed moving for conditional certification, he alone bears responsibility for it. Notice, therefore, should only be provided to those non-exempt employees who worked overtime within the three year period preceding the date conditional certification is granted.

Second, Cycle Gear unquestionably corrected the inadvertent calculation error in August 2014. Following that correction, Cycle Gear has included all applicable remuneration in the calculation of non-exempt employees' overtime entitlement including bonuses, commissions, and spiffs. Plaintiff and putative plaintiffs have no viable FLSA claim against Cycle Gear following that date. Employees employed after that correction are not similarly situated to Plaintiff. Consequently, the putative class must stop with the date of Cycle Gear's correction. By ignoring that correction, Plaintiff's proposed class is over-inclusive and not appropriate. This Court should only conditionally certify a class of non-exempt Cycle Gear employees who worked overtime in a period starting three years before the date of conditional certification and ending when Cycle Gear changed the relevant pay practice in August 2014.

## II.     STATEMENT OF FACTS

This action arises from Cycle Gear's payroll vendor's failure to properly calculate overtime pay for Cycle Gear's non-exempt sales force. Specifically, Cycle Gear contracted with ADP to process its payroll. (*See* Declaration of Chuck Allen ("Allen Decl.") ¶ 2.) Although Cycle Gear provided ADP with the correct information concerning its employees' hours worked, hourly rates, bonuses, commissions, and spiffs, ADP failed to include the reported incentive pay when calculating the regular rate. (*See* Allen Decl. ¶ 2.) Cycle Gear has conducted an internal audit, calculated any back pay owed, and paid back pay to employees affected by the error during the four years preceding this litigation. (*See* Allen Decl. ¶¶ 2-3.) Cycle Gear enclosed the back pay in a letter to affected former and current employees that stated, in pertinent part, that:

> Cycle Gear recently discovered a discrepancy in the effect commissions, spiffs, and bonuses have on overtime pay. As a result, we initiated a complete audit of our historical payroll records for the past four years to confirm that Team Members were paid all sums earned during the period. Cycle Gear values its relationships with its Team Members and wants to take steps to ensure that, among other things, our people are properly paid for the work they perform. During the extensive wage audit it was disclosed that there was a miscalculation in the amounts you earned during your employment and that you were unpaid. Accordingly, we have enclosed a payroll check in the sum of [amount owed], which includes the retroactive pay and interest at the legal rate.

3
DEFENDANT'S OPPOSITION TO CONDITIONAL CERTIFICATION

(*See* Mt. for Cond. Cert. [ECF No. 29] at 4-5).  In total, Cycle Gear sent out $122,308 to approximately 1,504 non-exempt current and former employees.  (*See* Allen Decl. ¶ 3.)

At the same time, Cycle Gear also began ensuring that all bonuses, spiffs, and commissions are included in overtime calculations.  (*See* Allen Decl. ¶ 2, attaching Exhibit A.)  As a result, since August 20, 2014, Cycle Gear has included and continues to include all appropriate incentive pay in the regular rate when calculating its overtime obligations.  (*See* Allen Decl. ¶ 2, Ex. A.)

Cycle Gear has been forthcoming about the inadvertent oversight.  In its Joint Case Management Statement, for example, Cycle Gear informed the Court that it had miscalculated overtime for 1,400 employees, and that it had already compensated its employees, stretching back over a four year period.  (*See* Joint Case Management Statement [ECF No. 18] at 3-5.)  Cycle Gear has also been forthcoming during the discovery process and produced over 18,000 pages of documents to Plaintiff in October 2014 that contained the name, last known address, relevant pay and time information, and back pay calculations for all 1,400 employees affected during the preceding four years.  (*See* Declaration of Jeffrey McClure ("McClure Decl.") ¶ 2-3.)  Cycle Gear uploaded these documents on its e-discovery website in an easy-to-navigate format. (*See* McClure Decl. ¶ 3.)

## III.   ARGUMENT

At this stage of the certification process, Cycle Gear does not oppose Plaintiff's Motion wholesale.  Rather, Cycle Gear contests Plaintiff's efforts to stretch the class period beyond the applicable time constraints.  As detailed below, Plaintiff asks this Court to approve notice for employees whose claims have either expired or have no claim at all.  To preserve resources and maintain judicial efficiency, this Court should deny the Plaintiff's Motion to the extent it contravenes these clear limitations periods.

### A.   The Class Period Should Not Stretch Back to October 12, 2011 Because There is no Basis to Equitably Toll The Statute of Limitations

Plaintiff's proposed start date of October 12, 2011, falls beyond the applicable statute of limitations.  Specifically, plaintiffs have, at most, three years to bring an action under the FLSA.

*See Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1206 (N.D. Cal. 2013).  Unlike other causes of action, however, the statute of limitations for collective actions under § 216(b) continues to run for each employee until he or she files a valid opt-in consent form with the Court.  *See Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1129 (N.D. Cal. 2009).  As Judge Orrick recently explained:

> For purposes of calculating the timeliness of a claim for individual claimants who are not named plaintiffs are considered commenced when the claimant files a written consent to be a party plaintiff. A collective action under the FLSA thus differs from a Rule 23 class action, under which the statute of limitations it tolled when the Complaint is filed.  Accordingly, when Congress enacted Section 256 of the FLSA, it was aware that the time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet it chose not to provide for tolling the limitations period.

*Adedapoidle-Tyehimba v. Crunch, LLC*, No. 13-cv-00225-WHO, 2013 WL 4082137 (N.D. Cal. Aug. 9, 2013) (internal citations and quotations omitted).  As such, claims more three years old are time-barred, and notice is inappropriate.

Despite the three-year limitations period, Plaintiff asks this Court to equitably toll the statute of limitations period starting in October 2014, based on unsupported allegations that Cycle Gear failed to provide Plaintiff with the contact information for putative class members. Plaintiff's request, however, lacks factual or legal support, and should be disregarded.  As an initial matter, it is well-settled that federal courts invoke the equitable tolling doctrine "sparingly," and only applied it "when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time."  *Gilbert v. Citigroup, Inc.*, No. 08-0385 SC, 2009 WL 424320, at *5 (N.D. Cal. Feb. 18, 2009) (quoting *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999)); *see also Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-cv-01189-LHK, 2011 WL 4635198, at *15 (N.D. Cal. Oct. 5, 2011) (noting that "federal courts have typically extended equitable relief only sparingly").

Far from "wrongful conduct," Cycle Gear has exceeded its legal obligations by providing Plaintiff with the contact information for all 1,400 possible plaintiffs.  Specifically, in response to

Plaintiff's discovery requests, Cycle Gear produced over 18,000 pages of documents in an electronic and easily-searchable format on October 17, 2014. (*See* McClure Dec. ¶ 3.) These documents contained the names, last known addresses, and payroll information for all 1,400 purported plaintiffs. (*See id.*) Plaintiff's request to extend the limitations period – when he has had the information for over four months – is disingenuous and fails to constitute "wrongful conduct" or present the "extraordinary" circumstances necessary to warrant equitable tolling.

In fact, Cycle Gear had no legal obligation to even provide this information before conditional certification. Specifically, courts throughout this Circuit have repeatedly held that, "a defendant in a FLSA suit is not required to provide contact information for potential plaintiffs until after the court certified a collective action." *Adedapoidle,* 2013 WL 4082137. Therefore, "[i]f refusal to disclose contact information is sufficient basis to grant equitable tolling, either the FLSA statute of limitations is meaningless or the Courts are reading a disclosure requirement into the FLSA where the statute does not contain such a requirement. Neither outcome is appropriate." *Prentice v. Fund for Pub. Interest Research, Inc.*, No. 06-cv-7776 SC, 2007 WL 2729187, at *8 (N.D. Cal. Sept. 18, 2007).

As a result, courts have overwhelmingly held that withholding the contact information until after conditional certification is not a proper basis to toll the statute of limitations. *See Adedapoidle*, 2013 4082137 ("Defendants' refusal to provide potential plaintiffs' contact information to [plaintiff] also does not warrant equitable tolling."); *Gilbert*, 2009 WL 424320 ("Defendants' refusal to provide contact information prior to certification does not count as wrongful conduct."); *Margulies v. Tri-Cnty. Metro. Trans. Dist. of Oregon,* No. 3:13-cv-00475-PK, 2013 WL 5593040, *18 (D. Or. Oct. 10, 2013) ("I agree with those courts that have found equitable tolling is not appropriate where a defendant withholds contact information for potential plaintiffs prior to conditional certification of the collective action."); *Goudie v. Cable Communications, Inc.*, No. 08-507-AC, 2008 WL 4861649, *2 (D. Or. Nov. 8, 2008).

Plaintiff's single citation to *Ribot v. Farmers Ins. Grp.*, Civil Action No. CV 11-02404 DDP (FMOx), 2013 WL 3778784 (C.D. Cal. July 17, 2013) is unpersuasive. As an initial matter, the court in *Ribot* relied on *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 542-43 (N.D. Cal.

2007), which other courts have described as an "anomaly" and have expressly rejected. *Goudie*, 2008 WL 4861649, at *3 (citing *Prentice,* 2007 WL 2729187). Moreover, even if this Court finds *Adams* and its progeny persuasive, Cycle Gear provided the requested information. As such, this case fails to trigger the concerns articulated in *Adams* and *Ribot*. Unlike the defendants in *Ribot*, who took the unwavering position in their Rule 26(f) Report that "the Court should not authorize discovery of putative class members' names and contact information unless it conditionally certifies a class," Cycle Gear has made reasonable efforts to provide the requested information. *Id.* at *17. Therefore, Cycle Gear has not tried to gain an advantage by withholding the information "until the last possible moment." *Id.* As such, this Court should not equitably toll the limitations period.

### B. Conditional Certification is Only Appropriate to August 20, 2014

Plaintiff's request to send out notices to current and former employees "to present" is equally improper. Specifically, after performing an internal audit and evaluating the claims in the Complaint, Cycle Gear undisputedly paid overtime wages to 1,504 hourly non-exempt employees in August 2014. (*See* Allen Decl. ¶ 3; *see also* Mt. for Cond. Cert. at 2.). At that time, Cycle Gear also modified its payroll practices to correct the purported violations and took steps to ensure that, going forward, its third-party payroll vendor included all incentive pay when calculating the regular rate. (*See* Allen Decl., ¶ 2-3.) As such, those employees who were hired (or received their first paychecks) after August 20, 2014 were not victims of any unlawful policy or practice, and are not "similarly situated." Therefore, the Court should not allow Plaintiff to send out notice to these employees.

Plaintiff has offered no evidence whatsoever to show that these employees are similarly situated. Cycle Gear undisputedly corrected the errors in its payroll practices, and Plaintiff has failed to show otherwise. Although the conditional certification analysis is somewhat lenient, "[p]laintiffs will not be permitted to rely on the allegations in their Complaint [to support conditional certification]. Rather, they must rely on the evidence, and all the evidence will be considered, not just plaintiff's evidence." *Thedford v. Drive In of Evansville, Inc.*, No. 2:14-cv-0390-SLB, 2014 WL 5520954, at *7 (N.D. Ala. Oct. 31, 2014). In other words, "[t]he burden is

1 on the plaintiffs to make an evidentiary showing that they and the proposed class are similarly
2 situated, not on the defendants to disprove such similarity." *Id.* at *9.

3 Here, Plaintiff has failed to make even a "modest factual showing" that Cycle Gear subjected any employee to an unlawful policy or practice after August 20, 2014. *Castro v. Spice Place, Inc.*, No. 07 CV 4657, 2009 WL 229952, *5 (S.D.N.Y. Jan. 30, 2009). Therefore, these employees are not "similarly situated" with the other purported plaintiffs. *See e.g., Felix v. Davis Moreno Construction, Inc.*, No. CV F 07-0533, 2008 WL 4104261, at *5 (E.D. Cal. Sept. 3, 2008) (conditional certification requires plaintiffs to show that potential plaintiffs "are victims of a common policy or plan that **violated the law**.") (emphasis added); *Castro*, 2009 WL 229952, *5 (holding that, at the conditional certification stage, the plaintiffs must make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.)

13 Moreover, sending out notice to these employees frustrates the purpose of a collective action and increases the potential for abuse and confusion. Specifically, the conditional certification process is designed to allow the "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989). Although § 216(b) "neither explicitly provides for court-authorized notice nor requires it, it is well settled that district courts have the power to authorize an FLSA plaintiff to send such notice." *Romero v. H.B. Auto. Grp., Inc.*, No. 11 Civ. 386(CM), 2012 WL 1514810, *6 (S.D.N.Y. May 1, 2012) (internal citations and quotations omitted). As the Supreme Court has recognized, the conditional certification process may "be useful as a case management tool for district courts to employ in appropriate cases." *Hoffmann–La Roche*, 493 U.S. at 174.

24 Conditional certification is not appropriate in every case, however. While collective actions "serve an important function in our system of civil justice," they also present "opportunities for abuse." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99–100 (1981); *see also Hoffmann–La Roche*, 493 U.S. at 171 (extending *Gulf Oil* to collective actions). Among other things, collective actions implicate "heightened susceptibilities of nonparty class members to

solicitation amounting to barratry as well as the increased opportunities of the parties and counsel to 'drum up' participation in the proceeding" and "[u]napproved communications to class members that misrepresent the status or effect of the pending action." *Gulf Oil*, 452 U.S. at 101 n. 12. Thus, district courts must "take[] seriously its responsibility to avoid the stirring up of litigation through unwarranted solicitation." *Thedford*, 2014 WL 5520954.

Sending out notice to these employees implicates these concerns. Specifically, sending notice to employees who have no claim will thrust an unnecessary burden on the parties, the court, and the employees themselves. The parties, for example, will have to incur additional expense facilitating notice to employees who will not be able to proceed with the ligation, and then undergo an additional screening process after the opt-in window closes to determine the appropriate class. Moreover, sending out notice to these employees carries the risk of confusing them about the nature of the lawsuit and whether they have a claim or not. At the same time, this Court will have to divert its scarce judicial resources to manage and oversee this pointless exercise. Therefore, sending out notice to these employees compromises judicial efficiency and, in effect, turns the very purpose of a collective action on its head.

## IV.    CONCLUSION

For the reasons stated above, Cycle Gear respectfully requests this Court to deny, in part, Plaintiff's Motion for Conditional Certification.

**DATED: March 26, 2015**                     **McGuireWoods LLP**

By: s/ *Christopher M. Michalik*
Christopher M. Michalik

Attorney for Defendant **CYCLE GEAR, INC.**