**BALTODANO & BALTODANO LLP**
Hernaldo J. Baltodano (SBN 222286)
Email: hjb@bbemploymentlaw.com
Erica Flores Baltodano (SBN 222331)
Email: efb@bbemploymentlaw.com
1411 Marsh Street, Suite 102
San Luis Obispo, California 93401
Tel: (805) 322-3412
Fax: (805) 322-3413

**BOREN, OSHER & LUFTMAN LLP**
Paul K. Haines (SBN 248226)
Email: phaines@bollaw.com
Fletcher W. Schmidt (SBN 286462)
222 N. Sepulveda Blvd., Suite 2222
El Segundo, California 90245
Email: fschmidt@bollaw.com
Tel: (323) 937-9900
Fax: (323) 937-9910

Attorneys for Plaintiff, the Classes,
and Aggrieved Employees

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANNDEN BOWER, as an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CYCLE GEAR, INC., a California Corporation; and DOES 1 through 10,<br><br>Defendants. | CASE NO. 3:14-cv-02712-HSG<br>Honorable Haywood S. Gilliam, Jr.<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION UNDER 29 U.S.C. § 216(b)**<br><br>Date: April 30, 2015<br>Time: 2:00 p.m.<br>Courtroom: 15 |

I. **INTRODUCTION.**

Defendant concedes that conditional certification is warranted in this case and also concedes that a 3-year limitations period applies. *See* Docket Entry No. 38 at 2:26-28, 4:19-20. Thus, the only remaining issue pertains to the time period applicable to the putative FLSA class period. Defendant argues there is no "legitimate basis" to toll the statute of limitations. Defendant is mistaken. Because Defendant failed to include the value of commissions, spiffs, and non-discretionary bonuses in the regular rate of pay, and failed to pay liquidated damages in August 2014, putative FLSA class members will be deprived from recovering liquidated damages unless the Court tolls the statute of limitations as of October 12, 2011. In the absence of equitable tolling, employees will be deprived from recovering all liquidated damages that they are owed. *See Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 583–84 (1942) (liquidated damages are compensation to the employee due to delay in receiving wages due). Thus, tolling the statute of limitation furthers the interests of justice. *See Castle v. Wells Fargo Fin., Inc.*, Case No. C 06-4347 SI, 2007 WL 1105118 at *1 (N.D. Cal. April 2007); *Ribot v. Farmers Ins. Group*, Case No. CV11-02404 DDP (FMOx), 2013 WL 3778784 at *17 (C.D. Cal. July 17, 2013).

Equitable tolling is also warranted because Defendant failed to provide contact information for the putative FLSA class in response to formal discovery requests, and the size of the FLSA class is unclear based on Defendant's representations to the Court. Moreover Defendant would not agree to toll the statute of limitations, necessitating the filing of this motion.

Similarly, Defendant's argument that the FLSA class period should end on August 20, 2014 lacks merit. There is no admissible evidence that Defendant has properly calculated overtime since August 20, 2014. Chuck Allen's declaration is completely devoid of any factual information reflecting that Defendant has

1

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION

properly calculated the regular rate of pay. Without information about the specific time periods for which commissions, bonuses, and spiffs were earned, it is impossible to determine whether the value of these forms of incentive pay were properly apportioned back over the workweeks during which they were earned under the FLSA. *See* 29 C.F.R. §778.209(a). Because Plaintiff asserts that Defendants regularly and systematically miscalculated the overtime rate of pay by failing to properly include the various forms of Incentive Pay paid to Plaintiff and members of the FLSA Overtime Class, *see* DE No. 1 at ¶34, Plaintiff has established that he and the putative FLSA class are "victims of a single decision, policy, or plan" that warrants conditional certification. *See, e.g., Gerlach v. Wells Fargo & Co.*, Case No. C 05–0585 CW, 2006 WL 824652 at *2 (N.D. Cal. Mar. 28 2006). Plaintiff respectfully requests that the Court certify the FLSA Overtime Class for the period October 12, 2011 through the opt-in deadline.

## II.  LEGAL ARGUMENT.

### A. Equitable Tolling Furthers the Interest of Justice Because It is Undisputed That Defendant Failed to Properly Pay Overtime Wages and Liquidated Damages.

Defendant does not oppose Plaintiff's motion for conditional certification, stating, "At this stage of the certification process, Cycle Gear does not oppose Plaintiff's Motion wholesale." *See* Docket Entry No. 38 at 4:19-20. Rather, Defendant asserts that notice of this FLSA collective action "should only be provided to those non-exempt employees who worked overtime within the three year period preceding the date conditional certification is granted. *Id.* at 2:26-28. Nor does Defendant actually dispute in its Opposition that putative FLSA class members are entitled to liquidated damages arising from its failure to (1) include the value of commissions, spiffs, and non-discretionary bonuses in the regular rate of pay for overtime purposes, and (2) failure to pay liquidated damages in

2
PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION

connection with purported retroactive payments for overtime in late August 2014. *See Alvarez v. IBP, Inc.*, 339 F.3d 894, 910 (9th Cir. 2003) (stating that liquidated damages are "the norm and single damages the exception").

Rather, Defendant argues that the Court should not toll the statute of limitations as of October 12, 2011 – the date when Defendant failed to provide a response to Plaintiff's Interrogatory No. 2 which sought contact information for the putative FLSA class. *See* DE 29-2 at ¶12.   Defendant's argument lacks merit for the following reasons.

First, unless the Court tolls the statute of limitations as of October 12, 2011, putative FLSA class members will be deprived from recovering all liquidated damages arising from Defendant's admitted failure to pay all overtime wages. Given that Defendant has admitted that it did not properly calculate overtime wages, *see* Opposition at 2:8 ("Cycle Gear does not contest the error"), and that Defendant does not actually dispute in its Opposition that liquidated damages are appropriate here, equitable tolling is warranted.  In the absence of equitable tolling, employees will be deprived from recovering these additional wages. *See Overnight Motor Transp. Co.*, *supra*, 316 U.S. at 583–84 (liquidated damages are compensation to the employee due to delay in receiving wages due).  Thus, tolling the statute of limitation furthers the interests of justice. *See Ribot*, *supra*, 2013 WL 3778784 at *17 (C.D. Cal. July 17, 2013) (tolling statute of limitations under the FLSA from the date the defendant should have provided contact information because it restored "Plaintiffs' ability to recover for alleged violations of the FLSA"); *Castle*, *supra*, 2007 WL 1105118 at *1 (N.D. Cal. April 2007) ("Courts have equitably tolled the statute of limitations in a FLSA action when doing so is in the interest of justice.") [internal citation omitted].

Second, and contrary to Defendant's representations to the Court, Defendant has not provided Plaintiff with contact information for the entire putative FLSA class.  Notably, Defendant does not dispute that it failed to provide

a response to Plaintiff's Interrogatory No. 2, and its suggestion that it provided contact information for "1,400 possible plaintiffs" by uploading 18,000 pages of documents in a website falls far short of its discovery obligations.   Defendant was required to provide a response to Interrogatory No. 2 under Fed. R. Civ. Proc. 33(b)(3), but failed to provide one.[1] *See, e.g., Mulero-Abreu v. Puerto Rico Police Dept.*, 675 F.3d 88, 93 (1st Cir. 2012 ) (answering an interrogatory simply by "directing the proponent to rummage through other discovery materials" inadequate).

Indeed, it is unclear from Defendant's submissions to the Court how many employees actually received retroactive overtime payments in August 2014 – 1402 or 1504 – and are undeniably members of the putative FLSA class.   In the parties' Joint Case Management Statement filed on September 2, 2014, Defendant informed the Court that 1,402 employees received retroactive payments in August 2014. *See* DE No. 18 at 4:9-12 ("Once the CPA firm approved the calculations, Cycle Gear sent checks to all employees affected nationwide.  This meant that 1,402 past and current hourly employees were sent checks to remedy the miscalculation of overtime for the four years prior to filing, regardless of the State where they were working.").   However, in its Opposition to this Motion, Defendant tells the Court that 1,504 employees received retroactive payments in August 2014. *See* DE No. 38-1, Declaration of Chuck Allen at ¶3 (stating that Defendant sent checks to 1,504 non-exempt employees).   Given this discrepancy in Defendant's figures, Defendant cannot show that it has produced contact information for the entire FLSA class since that group includes at least 1,504 employees.

---

[1] Interrogatory No. 2 asked defendant to "Please IDENTIFY all of YOUR hourly non-exempt employees throughout the United States who received INCENTIVE COMPENSATION and overtime compensation during a corresponding time period during the three years immediately preceding the filing of the COMPLAINT through the present."

But even if Defendant had provided contact information for the FLSA class on October 12, 2014, Plaintiff's motion for conditional certification is justified because Defendant refused to toll the statute of limitations. Specifically, on February 25, 2015, Plaintiff's counsel asked Defendant's counsel, Jeffrey McClure, if Defendant would agree to toll the statute of limitations of the proposed FLSA class as of October 2014. *See* Supplemental Declaration of Paul K. Haines ("Supp. Haines Decl."), ¶2. Defendant's counsel did not respond to Plaintiff counsel's request, necessitating the filing of this motion. *Id.* Defendant itself acknowledges that the statute of limitations for collective actions runs for employees until they affirmatively opt-in, unless the Court tolls the statute of limitations. In the absence of an agreement from Defendant, the claims of the FLSA class were not tolled, and the Court would have to approve any proposed notice in any event. As the United States Supreme has made clear, the FLSA requires courts to provide potential plaintiffs "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). For these reasons, the Court should toll the statute of limitations as of October 12, 2014 – the date when Defendant should have produced contact information for the putative FLSA class.

Because scores of employees stand to lose an opportunity to recover all liquidated damages in the absence of equitable tolling, the cases cited by Defendant are inapposite. The court in *Adedapoidle-Tyehimba* rendered its decision at the motion to strike stage, did not involve a motion for 216(b) conditional certification, and did not involve a situation where the defendant employer admitted that it had failed to comply with the FLSA, thus warranting the imposition of liquidated damages that could be recovered by the putative FLSA class. *See Adedapoidle-Tyehimba v. Crunch, LLC*, Case No. 13-cv-00225, 2013 WL 4082137 at *7 (N.D. Cal. August 9, 2013).

5

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION

*Prentice* and *Gilbert* are inapposite because the defendant employers in those cases had not admitted to violating the FLSA.  Moreover, the plaintiffs sought tolling from the date of the filing of the complaint, not from the date that the defendants should have produced contact information for the classes. *See Prentice v. Fund for Public Interest Research, Inc.*, Case No. C-6-7776 SC, 2007 WL 2729187 at *2 (N.D. Cal. September 18, 2007) ("Plaintiffs ask the Court to toll the statute of limitations as of the date they filed the Complaint, December 19, 2006, through the deadline for opting into the collective action."); *Gilbert v. Citigroup, Inc.*, Case No. 08-0385 SC, 2009 WL 424320 at *5 (N.D. Cal. February 18, 2009) ("Plaintiff therefore seeks to toll the statute of limitations as of the date she filed her Complaint").

Defendant fares no better with the two district court decisions it cites from Oregon.  In *Goudie v. Cable Communications, Inc.*, the plaintiffs there "spent almost a full year litigating this matter in state court before filing their case." *See* Case No. 08-507-AC, 2008 WL 4861649 at *3 (D. Oregon November 8, 2008).  And in *Margulies v. Tri-County Metropolitan Transportation District of Oregon*, the plaintiff there argued that equitable tolling was justified because the defendant failed to voluntarily provide information for the FLSA class, not in response to a formal discovery request. *See* Case No. 3:13-cv-00475-PK, 2013 WL 5593040 at *17 (D. Oregon October 10, 2013).  The Court should toll the statute of limitations as of October 12, 2014.

B. **There is No Admissible Evidence that Defendant Is Now Properly Calculating Overtime Wages.**

Defendant also argues that the end-date of the FLSA class period should be August 20, 2014, not the deadline for opting in, because Defendant purportedly "remedied" its overtime calculations at that time.  This argument, too, lacks merit, because there is no admissible evidence that Defendant has properly calculated overtime since August 20, 2014.

In support of its Opposition, Defendant puts forth the declaration of Chuck Allen. *See* Docket Entry No. 38-1.[2] According to Mr. Allen's declaration, Defendant "began ensuring that all bonuses, spiffs, and commissions are included in overtime calculations   As a result, since August 2014, Cycle Gear has included and continues to include all appropriate incentive pay in the regular rate when calculating its overtime obligations." DE 38-1 at 2:13-16.

However, nowhere in his declaration does Mr. Allen explain how Defendant lawfully calculates the regular rate of pay for overtime purposes by including the value of bonuses, commissions, and spiffs into its calculations under the FLSA.  Indeed, for the sample payroll document attached as Exhibit A to Mr. Allen's declaration, one cannot determine the time periods during which the $162 bonus, $43.22 commission, and $5.26 spiff were earned.  Without information about the workweeks when these forms of incentive pay were earned, it is impossible to determine whether the value of this incentive pay was properly apportioned back over the workweeks during which they were earned under the FLSA. *See* 29 C.F.R. §778.209(a) ("When the amount of the bonus can be ascertained, it must be apportioned back over the workweeks of the period during which it may have said to be earned.  The employee must then receive an additional amount of compensation for each workweek that he worked overtime during the period equal to one-half of the hourly rate of pay allocable to the bonus for that week multiplied by the number of statutory overtime hours worked during the week."); *Marin v. Costco Wholesale Corp.*, 169 Cal.App.4th 804, 813-815(2008) (demonstrating how to calculate additional overtime owed due to payment of non-discretionary bonus); *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1312 (10th Cir.  2011) (setting forth method for calculating overtime owed due to production bonus).

---

[2] Filed concurrently herewith are Plaintiff's Evidentiary Objections to the Declaration of Chuck Allen.

Because Plaintiff asserts that "Defendants regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay by failing to properly include the various forms of Incentive Pay paid to Plaintiff and members of the FLSA Overtime Class," *see* DE No. 1 at ¶34, Plaintiff has established that he and the putative FLSA class are "victims of a single decision, policy, or plan" that warrants conditional certification. *See, e.g., Gerlach v. Wells Fargo & Co.,* Case No. C 05–0585 CW, 2006 WL 824652 at *2 (N.D. Cal. Mar. 28 2006) (quoting *Thiessen v. General Electric Capital Corp.,* 267 F.3d 1095, 1102 (10th Cir. 2001)). Clearly, Defendant cannot dispute the existence of such a single decision, policy or plan in light of Mr. Allen's sworn statements that Defendant began including the value of bonuses, spiffs, and commissions in the regular rate of pay in August 2014. *See* DE 38-1 at ¶¶2-4. Determining whether those calculations were lawful under the FLSA is a question for another day. For now, it is sufficient for conditional certification purposes for Plaintiff to identify this single decision, policy, or plan. *See Richie v. Blue Shield of Cal.*, Case No. C-13-2693 EMC, 2014 WL 6982943 at *6 (N.D. Cal. Dec. 9, 2014) ("At this preliminary notice stage, 'courts require little more than substantial allegations, supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy, or plan.'" (quoting *Benedict v, Hewlett Packard Co.*, Case No. C13-0119-LHK, 2014 WL 587135, at *5 (N.D. Cal. Feb. 13, 2014)).

### III. CONCLUSION.

For these reasons for those set forth in Plaintiff's moving papers, the Court should conditionally certify the Collective FLSA Overtime Class for the period October 12, 2011 through the deadline for opting in.

Dated:  April 2, 2015                               BALTODANO & BALTODANO LLP

                                          ___/s/ Hernaldo J. Baltodano_____
                                          Hernaldo J. Baltodano
                                          Attorneys for Plaintiff, the proposed
                                          Classes and Aggrieved Employees