UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANNDEN BOWER,<br><br>          Plaintiff,<br><br>     v.<br><br>CYCLE GEAR, INC,<br><br>          Defendant. | Case No.  14-cv-02712-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR CONDITIONAL CERTIFICATION**<br><br>Re: Dkt. No. 29 |

Pending before the Court is Plaintiff Lannden Bower's motion for conditional certification of a collective action pursuant to Fair Labor Standards Act ("FLSA") § 216(b).  For the reasons stated below, the motion is GRANTED IN PART and DENIED IN PART.

## I.     BACKGROUND

On June 11, 2014, Plaintiff filed this class, collective, and representative action against his former employer Defendant Cycle Gear, Inc. alleging violations of FLSA and related state claims. Dkt. 1 ("Compl.").  In relevant part, Plaintiff alleges that Defendant violated FLSA by failing "to include all forms of Incentive Pay when calculating Plaintiff's regular rate of pay, thereby causing Plaintiff to be underpaid all of his required overtime wages."  Compl. ¶ 13.

Plaintiff filed the present motion for conditional certification of a collective action on March 12, 2015.  Dkt. 29 ("Mot.").

## II.     DISCUSSION

### A.     Legal Standard

FLSA provides employees with a private right of action to sue an employer for violations of the Act "for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  Neither the FLSA nor the Ninth Circuit has defined "similarly situated," but the Supreme Court has indicated that a collective action should encourage judicial efficiency by

addressing in a single proceeding claims of multiple plaintiffs who share "common issues of law and fact arising from the same alleged [prohibited] activity." *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

District courts in the Ninth Circuit adhere to a two-stage certification procedure for collective actions brought under FLSA. *See Gilbert v. Citigroup, Inc.*, No. 08-cv-00385-SC, 2009 WL 424320, at *1 (N.D. Cal. Feb. 18, 2009) (listing cases). First, the district court "makes an initial 'notice stage' determination of whether plaintiffs are similarly situated, deciding whether a collective action should be certified for the purpose of sending notice of the action to potential class members." *Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009). At this stage, courts apply a "lenient [standard] that typically results in certification." *Id.* The movant need present the court with "nothing more than substantial allegations that putative class members were together the victims of a single decision, policy, or plan" in order to make a sufficient showing for certification. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (internal quotations omitted); *see Prentice v. Fund for Pub. Interest Research, Inc.*, No. 06-cv-07776-SC, 2007 WL 2729187, at *2 (N.D. Cal. Sept. 18, 2007).

Once a FLSA collective action class is certified at the notice stage, district courts are authorized to monitor the "preparation and distribution" of notice to putative class members. *Hoffman-La Roche*, 493 U.S. at 172. To join the FLSA collective action, an employee must affirmatively opt in by filing a written "consent to join" in the court where the action is pending. *Id.*

The second stage of certification occurs at the close of discovery and is "usually prompted by a defendant's motion for decertification." *Ramirez v. Ghilotti Bros., Inc.*, 941 F. Supp. 2d 1197, 1203 (N.D. Cal. 2013). Courts apply a stricter certification standard at that point and review several factors to determine the "propriety and scope of the class," including "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations." *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 467 (N.D. Cal. 2004).

United States District Court
Northern District of California

**B.      Section 216(b) Conditional Certification**

Defendant does not contest that it "inadvertent[ly] fail[ed] to include certain bonuses, commissions, and spiffs in [certain] employees' regular rate when calculating overtime."  Dkt. 38 ("Opp.") at 2.  As a result, "[a]t this stage of the certification process, [Defendant] does not oppose Plaintiff's Motion wholesale."  *Id.* at 4.  The Court therefore finds it is appropriate to conditionally certify a collective action of hourly non-exempt Cycle Gear employees in this case.

However, the parties disagree regarding the proper scope of the collective action class. Specifically, the parties dispute 1) whether the statute of limitations should be equitably tolled as of October 2014; and 2) whether the collective action should include employees hired after August 2014, when Defendant says it corrected its payment procedures.

**1.    Equitable Tolling**

Plaintiff asks this Court to equitably toll the statute of limitations as of October 2014. "Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time."  *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999).  Federal courts award equitable relief "only sparingly."  *Gilbert*, 2009 WL 424320, at *5. The applicable statute of limitations here is three years.[1]  Claims by individual claimants who are not named plaintiffs do not commence—and therefore the statute of limitations continues to run— until the claimant opts in to the suit by filing a written consent to become a party plaintiff.  29 U.S.C. § 256(b).

Plaintiff presents two bases for its request to equitably toll the statute of limitations.  First, Plaintiff argues that potential members of the collective action could be deprived of their opportunity to recover liquidated damages in the absence of equitable tolling and that tolling therefore furthers the interests of justice.  The Court finds this argument unpersuasive.  The inability to recover damages cannot, on its own, be enough to warrant the extraordinary remedy of

---

[1] By default, the statute of limitations for FLSA claims is two years; it increases to three years if the violation is "willful."  29 U.S.C. § 255(a).  Defendant does not appear to dispute that the three-year statute of limitations applies.  *See* Opp. at 5 (referring to the "three-year limitations period").

United States District Court
Northern District of California

United States District Court
Northern District of California

1    equitable tolling.  By definition, there is no reason to seek tolling of the statute of limitations

2    unless *not* tolling would result in some plaintiffs losing out on their ability to recover damages.  In

3    other words, this factor is present in every case.

4          Second, Plaintiff argues that equitable tolling is warranted as of the date by which

5    Defendant allegedly failed to produce contact information for all potential members of the FLSA

6    collective action in response to Plaintiff's discovery requests, because such failure constitutes

7    wrongful conduct.  Courts in this district have overwhelmingly held that a defendant's failure to

8    provide class contact information before conditional certification does not justify tolling the

9    statute of limitations.  *See Adedapoidle-Tyehimba v. Crunch, LLC*, No. 13-cv-00225-WHO, 2013

10   WL 4082137, at *8 (N.D. Cal. Aug. 9, 2013) ("Defendants' refusal to provide plaintiffs' contact

11   information to [named plaintiff] also does not warrant equitable tolling, as a defendant in a FLSA

12   suit is not required to provide contact information for potential plaintiffs until after the court

13   certifies a collective action."); *Gilbert*, 2009 WL 424320, at *5 ("Defendants' refusal to provide

14   contact information prior to certification does not count as wrongful conduct."); *Lewis*, 669 F.

15   Supp. 2d at 1129 (declining to toll statute of limitations where defendant refused to produce

16   contact information for potential collective action members); *Prentice*, 2007 WL 2729187, at *3

17   ("If refusal to disclose contact information is sufficient basis to grant equitable tolling, either the

18   FLSA statute of limitations is meaningless or the Courts are reading a disclosure requirement into

19   the FLSA where the statute does not contain such a requirement.  Neither outcome is

20   appropriate."); *see also Margulies v. Tri-Cnty. Metro. Trans. Dist.*, No. 13-cv-00475-PK, 2013

21   WL 5593040, at *18 (D. Or. Oct. 10, 2013) ("I agree with those courts that have found equitable

22   tolling is not appropriate where a defendant withholds contact information for potential plaintiffs

23   prior to conditional certification . . . .  [Defendant's] decision to withhold that information cannot

24   be characterized as 'wrongful conduct' where [defendant] had no obligation to disclose the

25   information."); *Goudie v. Cable Commc'ns, Inc.*, No. 08-cv-00507-AC, 2008 WL 4861649, at *8

26   (D. Or. Nov. 8, 2008) ("This court agrees that the FLSA contains no requirement that a defendant

27   produce contact information for potential plaintiffs prior to conditional certification.").

28          Plaintiff cites to *Ribot v. Farmers Insurance Group*, in which the court tolled the FLSA

4

statute of limitations under circumstances similar to those here.  No. 11-cv-02404-DDP, 2013 WL 3778784, at *17 (C.D. Cal. July 17, 2013) (finding it "more equitable" to toll the statute of limitations prior to conditional certification to counter defendant's natural incentive to delay the proceedings).  The Court respectfully declines to adopt the *Ribot* court's reasoning.  That the normal course of litigation may result in some delay does not warrant the imposition of the extraordinary remedy of equitable tolling, particularly when, as here, the Defendant complied with all of FLSA's requirements, and there is no indication that it engaged in wrongful conduct to deprive Plaintiff of his legal rights. [2]

Finally, Plaintiff's citation to *Castle v. Wells Fargo Financial* is not relevant here, as the court in that case analyzed whether equitable tolling was warranted when the federal proceeding was stayed pending resolution of a state proceeding.  No. 06-cv-04347-SI, 2007 WL 1105118, at *2 (N.D. Cal. Apr. 10, 2007).

The Court agrees with the majority of courts in this district that have addressed this issue and finds that the extraordinary remedy of equitable tolling is not appropriate here.

### 2.  Post-Correction Hires

According to the declaration of the "Senior Director FP&A at Cycle Gear," Defendant "has included and continues to include all appropriate incentive pay in the regular rate when calculating its overtime obligations" since August 2014, when the payroll calculation error was supposedly discovered and corrected.  Allen Decl. ¶ 4.  Based on that evidence, Defendant argues that any employees hired after the purported correction should not be included in the conditionally certified collective action.

As noted above, at this first stage of collective action certification, the Court applies a "lenient standard" to determine whether the putative collective action members were subject to the

---

[2] Furthermore, Defendant actually did produce a substantial amount of contact information to Plaintiff in October 2014.  *See* Opp. at 7.  Plaintiff does not dispute that Defendant produced extensive documentation in October 2014; instead, he appears to dispute whether that documentation contained contact information for "all" of the class members.  *Id.* at 6.  But Plaintiff admits that he did not ask Defendant if it would agree to toll the statute of limitations until February 25, 2015, over four months after Defendant completed its document production, and neither Plaintiff nor Defendant suggests that there was any dispute regarding Defendant's discovery responses until the present motion was filed.  Reply at 5.

United States District Court
Northern District of California

same decision, policy, or plan. *See Lewis*, 669 F. Supp. 2d at 1127. The plaintiff bears only a "very light burden" in this regard. *Gilbert*, 2009 WL 424320, at *3. The Court finds the Allen Declaration insufficient to rebut Plaintiff's showing that all employees of Defendant were subject to a "single decision, policy, or plan" regarding the calculation of overtime wages. Indeed, the Allen Declaration corroborates the conclusion that the overtime wages of all hourly non-exempt employees of Cycle Gear are calculated according to the same policy or decision. Whether that policy or decision was corrected in August 2014 is a disputed issue to be resolved by this lawsuit in due course, and at least after the completion of discovery. The Court thus will not exclude employees hired after August 2014 from the conditionally certified collective action, and instead reserves judgment on that aspect of the scope of the class until the second stage of certification. *See Leuthold*, 224 F.R.D. at 467 (holding that courts conduct a more fulsome analysis at the second stage of certification, following the close of discovery, to determine "the propriety and scope of the class").

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion for conditional certification is GRANTED IN PART AND DENIED IN PART. The Court conditionally certifies a collective action of all hourly non-exempt employees employed by Defendant from May 11, 2012 to the present. The Court approves of the Notice, Consent Form, and Reminder Postcard located at Docket No. 44. The parties shall conform those documents to reflect the requirements of this Order.

The parties shall meet and confer within ten days from the date of this Order regarding the appointment of a mutually agreed upon notice administrator. Defendant shall provide the names, last-known addresses, and telephone numbers of potential collective action class members to the notice administrator within 30 days of that administrator's appointment. Plaintiff will be responsible for all costs and expenses of the notice administrator.

**IT IS SO ORDERED.**

Dated: May 11, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

6