**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LANNDEN BOWER, as an individual, and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br>　　vs.<br>CYCLE GEAR, INC., a California Corporation; and DOES 1 through 10,<br><br>　　　　　　　　Defendants. | CASE NO. 3:14-cv-02712-HSG<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Assigned to the Hon. Haywood S. Gilliam, Jr. |

1

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

On November 19, 2015, the Court heard a motion by Plaintiff Lannden Bower ("Plaintiff") for preliminary approval of his proposed class action settlement with Defendant Cycle Gear, Inc. ("Defendant"). The Court has considered Plaintiff's motion, the Class Action Settlement Agreement and Stipulation ("Settlement Agreement"), the proposed Class Notices, and proposed FLSA Opt-In Form, and the submissions of counsel, and hereby finds and orders as follows:

1. The Court finds on a preliminary basis that the class action settlement memorialized in the Settlement Agreement, filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval.

2. The Court conditionally certifies, for settlement purposes only, the following settlement subclasses (collectively, the "Settlement Class"):

> All hourly non-exempt employees employed by Defendant at any time from May 11, 2012 through December 8, 2015 and who, during that period, earned spiffs, commissions, and/or bonuses in any week in which they also worked more than forty (40) hours (the "FLSA Overtime Subclass").
>
> All current and former non-exempt employees in California who earned bonuses, commissions, and/or spiffs, and earned overtime wages during a corresponding time period, from June 11, 2010 through December 8, 2015 (the "California Overtime Subclass").
>
> All current and former non-exempt employees in California who worked shifts of 3.5 to 3.99 hours, 6.01 to 7.99 hours and/or 10.01 to 11.99 hours in duration, from June 11, 2010 through December 8, 2015 (the "Rest Period Subclass").
>
> All current and former non-exempt employees in California who: (i) earned spiffs and overtime wages during any pay period, and/or (ii) were paid an hour of pay for a purported meal period violation that was combined with the "regular hours" worked on their wage statement, from June 11, 2013 to August 4, 2014 (the "Wage Statement Subclass").

2

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

> All former non-exempt employees in California who received bonuses, commissions, and/or spiffs, and earned overtime wages during a corresponding time period, from June 11, 2011 to August 28, 2014, and who separated their employment from Defendant from June 11, 2011 through December 8, 2015 (the "Waiting Time Penalty Subclass").
>
> All current and former hourly non-exempt employees in California who worked shifts exceeding six hours per day, and do not have timekeeping records reflecting: (a) a meal period of at least thirty minutes commencing prior to the completion of the fifth hour of work, and/or (b) a second meal period of at least thirty minutes for shifts worked in excess of ten hours, prior to the end of the tenth hour of work, from June 11, 2010 through December 8, 2015 (the "Meal Period Subclass").
>
> All current and former non-exempt employees of Defendant who are also members of the California Overtime Class, Rest Period Class, Wage Statement Subclass, Waiting Time Subclass, and/or Meal Period Subclass from June 11, 2013, through December 8, 2015 (the "PAGA Aggrieved Employee Subclass").

The Court finds that, for settlement purposes only, the requirements of Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) are satisfied, with the exception of the manageability requirement of Rule 23(b)(3) which the Court need not address for purposes of settlement.

3. The Court appoints, for settlement purposes only, Lannden Bower, as the Class Representative.

4. The Court appoints, for settlement purposes only, Paul K. Haines and Fletcher W. Schmidt of Boren Osher & Luftman LLP, and Hernaldo J. Baltodano of Baltodano & Baltodano LLP as Class Counsel for settlement purposes.

5. The Court appoints CPT Group, Inc. as Claims Administrator.

6. The Court approves, as to form and content, the proposed California Class Notice, FLSA Class Notice, and FLSA Opt-In Form. The Claims Administrator is ordered to mail those documents to the Class members as provided in the Settlement Agreement and the Court's order dated December 8, 2015. Docket Entry No. 67.

3
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

7.       Members of the FLSA Overtime Subclass who have not already submitted an FLSA Consent Form in this action will have sixty (60) days after the date on which the Claims Administrator mails the Class Notices to submit an FLSA Opt-In form to the Claims Administrator to opt-in to the Settlement.

8.       Each Class Member who wishes to be excluded from the Settlement Class will have sixty (60) days from the date the Class Notices are originally mailed to opt-out of the Class.

9.       Each Settlement Class member who does not opt-out, and each FLSA Overtime Class member who validly opts-in, will have sixty (60) days after the date on which the Claims Administrator mails the Class Notices to object to the Settlement by serving a written objection on the Claims Administrator (who will then promptly serve it on Class Counsel and Defendant's counsel).  Class Counsel shall file any objections received with the Court.

10.      The Court will conduct a Final Approval Hearing on May 26, 2016, at 2:00 p.m., or as soon thereafter as the matter may be heard, to determine the overall fairness of the settlement and to fix the amount of reasonable attorneys' fees and costs to Class Counsel and incentive payment to the Class Representative. The Final Approval Hearing may be continued without further notice to the Settlement Class members.  Class Counsel shall file their motion for approval of reasonable attorneys' fees, costs, and the Class Representative's incentive payment sought in the Settlement on or before March 4, 2016, and it shall be posted on class counsel's website.  Class Counsel shall file their motion for final approval of the settlement on or before April 21, 2016.

11.      The following is the settlement approval schedule:

| Event | Date |
| --- | --- |
| Defendant to provide class contact information to Claims Administrator | January 11, 2016 |
| Deadline to mail claim packets | January 26, 2016 |

4
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

| Filing Deadline for attorneys' fees and costs motion, and incentive payment motion | March 4, 2016 |
|---|---|
| Last date to submit claims | March 26, 2016 |
| Last date to file Objections | March 26, 2016 |
| Filing deadline for final approval motion | April 21, 2016 |
| Final Fairness Hearing and Hearing on Motions | May 26, 2016 |

IT IS SO ORDERED.

Dated: December 11, 2015

_____
The Honorable Haywood S. Gilliam, Jr.
United States District Judge