# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANNDEN BOWER, as an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br>CYCLE GEAR, INC., a California Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No. 3:14-cv-02712-HSG<br><br>**FINAL JUDGMENT** |

This matter came on for hearing before this Court on June 2, 2016 at 2:00 p.m., pursuant to Rule 23 of the Federal Rules of Civil Procedure and this Court's December 11, 2015 Order Granting Preliminary Approval [Docket Entry No. 69]. On August 23, 2016, the Court entered an Order (the "Final Approval Order") granting Plaintiff's motions for (1) final approval of class action settlement and (2) attorneys' fees, costs, and incentive payment [Docket Entry No. 81].

In accordance with the Final Approval Order, and pursuant to Rules 23 and 58 of the Federal Rules of Civil Procedure, and pursuant to 29 U.S.C. § 216(b), IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.  This Court has jurisdiction over the subject matter of the above-captioned action (the "Action"), the Named Plaintiff Lannden Bower ("Named Plaintiff"), Defendant Cycle Gear, Inc. ("Defendant"), and all members of the Settlement Class, which is comprised of the following subclasses:

**FLSA Overtime Subclass:** All hourly non-exempt employees employed by Defendant at any time from May 11, 2012 through December 8, 2015 and who, during that period, earned spiffs, commissions, and/or bonuses in any week in which they also worked more than forty (40) hours.

**California Overtime Subclass:** All current and former non-exempt employees in California who earned bonuses, commissions, and/or spiffs, and earned overtime wages during a corresponding time period, from June 11, 2010 through December 8, 2015.

**Rest Period Subclass:** All current and former non-exempt employees in California who worked shifts of 3.5 to 3.99 hours, 6.01 to 7.99 hours and/or 10.01 to 11.99 hours in duration, from June 11, 2010 through December 8, 2015.

**Wage Statement Subclass:** All current and former non-exempt employees in California who: (i) earned spiffs and overtime wages during any pay period, and/or (ii) were paid an hour of pay for a purported meal period violation that was combined with the "regular hours" worked on their wage statement, from June 11, 2013 to August 4, 2014.

**Waiting Time Penalty Subclass:** All former non-exempt employees in California who received bonuses, commissions, and/or spiffs, and earned overtime wages during a corresponding time period, from June 11, 2011 to August 28, 2014, and who separated their employment from Defendant from June 11, 2011 through December 8, 2015.

**Meal Period Subclass:** All current and former hourly non-exempt employees in California who worked shifts exceeding six hours per day, and do not have timekeeping records reflecting: (a) a meal period of at least thirty minutes commencing prior to the completion of the fifth hour of work, and/or (b) a second meal period of at least thirty minutes for shifts worked in excess of ten hours, prior to the end of the tenth hour of work, from June 11, 2010 through December 8, 2015.

**PAGA Aggrieved Employee Subclass:** All current and former non-exempt employees of Defendant who are also members of the California Overtime Class, Rest Period Class, Wage Statement Subclass, Waiting Time Subclass, and/or Meal Period Subclass from June 11, 2013, through December 8, 2015.

2. As used herein, the term "Rule 23 Subclasses" shall refer collectively to each of the above subclasses except the FLSA Overtime Subclass.

3. As used herein, the terms "Settlement" and "Settlement Agreement" shall refer to the Class Action Settlement Agreement and Stipulation filed by the Named Plaintiff on October 12, 2015 as Exhibit 1 to the Declaration of Paul K. Haines in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement [Docket Entry No. 63-1].

4. Named Plaintiff shall be paid an Incentive Payment of $5,000, out of the Gross Settlement Sum, in accordance with the terms of the Settlement Agreement and the Final Approval Order.

5. The California Labor & Workforce Development Agency shall be paid $142,200 out of the Gross Settlement Sum, in accordance with the terms of the Settlement Agreement and the Supplemental Declaration of Hernaldo J. Baltodano in Support of Plaintiff's Motion for Preliminary Approval of Class

Action Settlement, filed on December 2, 2015 [Docket Entry No. 66].

6. Individual settlement payments shall be paid to the participating Settlement Class members out of the Net Settlement Sum, in accordance with the terms of the Settlement Agreement.

7. Class Counsel shall be paid $570,000 in attorneys' fees from the Gross Settlement Sum in accordance with the terms of the Settlement Agreement and the Final Approval Order.

8. Class Counsel's litigation costs of $44,952.38 shall be paid out of the Gross Settlement Sum in accordance with the terms of the Settlement Agreement and the Final Approval Order.

9. The Claims Administrator, CPT Group, Inc., shall be paid for its fees and expenses in connection with the administration of the Settlement Agreement out of the Gross Settlement Sum, in accordance with the terms of the Settlement Agreement, in the amount of $38,000.

10. By this Judgment, the Named Plaintiff and each member of the Rule 23 Subclasses who has not timely and validly requested exclusion from the Settlement by opting out, and each member of the FLSA Overtime Subclass who has validly and timely opted into the Settlement (collectively, the "participating Settlement Class members"), hereby release Defendant and the Released Parties (as defined in the Settlement Agreement) from the Settled Claims (as defined in the Settlement Agreement), and all of the Settled Claims are dismissed with prejudice as to the participating Settlement Class members.

11. By this Judgment, the participating Settlement Class members are permanently barred from asserting any of the Settled Claims in the future.  The parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement and the Final Approval Order.

12. The Court reserves and retains exclusive jurisdiction over the Action, the Named Plaintiff, the Settlement Class, and Defendant for the purposes of

supervising the implementation, effectuation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Judgment.

13. Final judgment is hereby entered pursuant to Rule 23(c)(3) of the Federal Rules of Civil Procedure and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). This document shall constitute a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: August 29, 2016

*/s/ Haywood S. Gilliam, Jr.*
The Honorable Haywood S. Gilliam, Jr.
United States District Judge